IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH ROSHAUN REID, | ) |
| Petitioner, | ) Civil Action No. 7:23cv00303 |
| v. | ) **MEMORANDUM OPINION** |
| USP LEE WARDEN STREEVAL, | ) By:  Hon. Thomas T. Cullen |
|  | )     United States District Judge |
| Respondent. | ) |

Petitioner Kenneth Roshaun Reid, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Reid challenges the validity of his federal sentences imposed in 2006 by the United States District Court for the District of South Carolina. The respondent, USP Lee Warden Streeval, has moved to dismiss the petition for lack of jurisdiction. (ECF No. 7.) Given the Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. 465 (2023), the court will grant the respondent's motion and dismiss the petition without prejudice.

I.

In 2006, a jury convicted Reid of conspiring to possess with intent to distribute and to distribute cocaine base, knowingly using and carrying a firearm during in relation to a drug trafficking crime and crime of violence, and two counts of being a felon in possession of a firearm. *United States v. Reid*, 0:04cr00353-1 (D.S.C. Aug. 4, 2006). The court sentenced Reid to life imprisonment. The United States Court of Appeals for the Fourth Circuit affirmed Reid's convictions and sentence on May 8, 2008. *United States v. Reid*, No. 06-4826 (4th Cir. May 8, 2008).

On November 30, 2009, Reid filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255; the court dismissed the motion on September 17, 2010. *United States v. Reid*, 0:04cr00353-1 (D.S.C. Sept. 17, 2010). The Fourth Circuit dismissed Reid's related appeal on May 13, 2011. *United States v. Reid*, No. 10-7750 (4th Cir. May 13, 2011).

Reid is now incarcerated at USP Lee in Lee County, Virginia. In May 2023, he filed the pending petition under § 2241. Relying on the Fair Sentencing Act of 2010 and its changes to the penalties applicable to cocaine-base distribution, Reid argues that he is actually innocent of his drug conviction because the jury did not attribute any specific quantity of cocaine base to him. Reid argues that his sentence, therefore, is illegal.

The court previously stayed the case pending the Supreme Court's decision in *Jones v. Hendrix*. After the Supreme Court issued its decision, the court lifted the stay, and the respondent moved to dismiss the petition. Reid has not responded to the motion to dismiss, and the time for doing so has expired.

## II.

"As a general matter, a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241, and the sentence itself under 28 U.S.C. § 2255." *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). A prisoner's ability to utilize § 2255 is limited, however, when the prisoner seeks to file a "second or successive" motion. Under § 2255(h), such motions are barred unless they are certified by a panel of the appropriate court of appeals to contain either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law,

made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). "A federal prisoner may not, therefore, file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved." *Jones*, 599 U.S. at 469.

But section 2255 includes a "savings clause" that preserves the availability of a habeas remedy "in cases where 'the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention.'" *Id.* § 2255(e). In *Jones*, the Supreme Court was presented with the question of whether the limitation on second or successive § 2255 motions makes § 2255 "inadequate or ineffective" such that a federal prisoner may proceed with a statutory claim under § 2241. 599 U.S. at 470. The Court answered this question in the negative, holding that "the savings clause does not authorize . . . an end-run around" the "two—and only two—conditions in which a second or successive § 2255 may proceed" as described in § 2255(h). *Id.* at 478. Instead, the savings clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.*; *see also id.* at 474 (providing examples of such "unusual circumstances" including "the sentencing court's dissolution"). Thus, "[t]he inability of a prisoner with a statutory claim to satisfy [the] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the savings clause. It means that he cannot bring it at all." *Id.* at 480. Therefore, "[i]f a section 2241 petition does not fall within the scope of section 2255(e)'s savings clause, the district court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction.'" *Wiggins v.*

*Warden FMC Butner*, No. 5:23-HC-02050-M, 2023 U.S. Dist. LEXIS 119051, *2 (E.D.N.C. Jul. 11, 2023) (quoting *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)).

Because Reid seeks to challenge the validity of his sentence, the proper avenue for his claims is a § 2255 motion, which he has previously pursued. The fact that his claims do not satisfy either of the requirements for filing a second or successive § 2255 motion does not "make[] § 2255 'inadequate or ineffective' such that [he] may proceed . . . under § 2241." *Jones*, 599 U.S. at 470. Nor does Reid identify any "unusual circumstances" that would make it "impossible or impractical for [him] to seek relief from the sentencing court." *Id.* at 474. Consequently, his petition does not satisfy the savings clause of § 2255, and he cannot proceed with his claim under § 2241.

### III.

For the reasons discussed, the court will grant the respondent's motion to dismiss and dismiss Reid's petition without prejudice for lack of jurisdiction.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 5th day of December, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE